# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

ISAAC S. WATERS, Respondent, *v.* EMELINE SHEP-
HERD, Appellant.

*Referee — notice by, to one party that report was ready — if within the sixty days
time for making report, other party cannot therefter elect to end reference
though the report is left in the referee's hands — Code of Procedure,* § 273.

Appeal from an order adjudging the report of a referee herein
to have been regularly filed, and the judgment entered thereon to
be regular.

This action was tried before a referee. The case was submitted
for final determination on the 14th of February, 1877. On the
26th of February, 1877, the referee made his report in favor of
the plaintiff for $218.31. On the same day, the referee gave
written notice to the attorneys for the plaintiff and the defendant
that the report was ready for delivery, and that it was in favor
of the plaintiff for $218.31. The report lay in the hands of the
referee until May 2d, 1877, when the defendant served a notice
in writing upon the referee and plaintiff's attorney that she elected
to end the reference. In September, 1877, the plaintiff's attor-
ney took the report from the referee and entered judgment upon
it. Upon a motion made by plaintiff, the court at Special Term
ordered the judgment to stand as regularly made.

Upon an appeal from this order, the court at General Term
said: " This order does not seem to conflict with the decision of
the Court of Appeals in *Gregory* v. *Cryder* (10 Abb. N. S., 289).

Section 273 of the Code then in force required the referee to make and deliver his report, within sixty days from the time the action was finally submitted. In *Gregory* v. *Cryder*, the Court of Appeals decided that; when a referee failed to make and deliver his report within sixty days, he lost all right to make or deliver the same after that time. In this case, it was made and delivered within the time. It was made, and the parties notified of its terms, and that it could be obtained on application from him. What more should the referee do to entitle himself to receive his fees? Neither party asked for it, or objected that it should remain in the referee's hands for them until called for. Either party could have taken up the same at any time. It was a completed thing, and beyond the power of the referee to withhold or change it after the service of the notice. I think the order should be affirmed, with costs and disbursements.

*C. W. Sandford*, for the appellant. *John Berry*, for the respondent.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Order affirmed, with $10 costs and disbursements.